NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0390n.06

Case No. 13-6322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> FILED
> Jul 12, 2016
> DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON REMAND FROM THE |
| v. | ) SUPREME COURT OF THE |
| | ) UNITED STATES |
| ARTHUR CHARLES SMITH, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |
| | ) |

BEFORE: BOGGS and DONALD, Circuit Judges; and HOOD, District Judge.[*]

PER CURIAM.    In 2013, Arthur Smith pleaded guilty to robbing a pharmacy, brandishing a firearm during and in retaliation to a crime of violence, and being a felon in possession of a firearm.  Smith's presentence report designated him a career offender based on prior convictions for possession of a controlled substance with intent to distribute and North Carolina common-law robbery.  *See* USSG §4B1.1.  At sentencing, Smith argued that North Carolina common-law robbery is a "crime of violence" under the career-offender guideline.  The district court agreed with Smith that North Carolina robbery does not qualify as a crime of violence through the guideline's "physical force" clause.  USSG §4B1.2(a)(1).  However, it

---

[*] The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

agreed with the Government that any North Carolina robbery "presents a serious potential risk of physical injury to another," *id.* §4B1.2(a)(2), and thus qualifies as a crime of violence through the guideline's residual clause. The district court sentenced Smith to 262 months of imprisonment, at the bottom of the range recommended by the Sentencing Guidelines.

On appeal, we affirmed the district court's sentence, holding that North Carolina common-law robbery is a crime of violence under §4B1.2(a)(2)'s residual clause. *United States v. Smith (Smith I)*, 582 F. App'x 590, 601 (6th Cir. 2014). We did "not consider whether the offense also qualifies as a crime of violence under the physical-force clause." *Id.* at 598. However, we noted our then-recent holding in *United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014), that Tennessee robbery is a violent felony under the physical-force clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), and that "North Carolina's definitions of robbery and of 'fear' are similar to Tennessee's." *Smith I*, 582 F. App'x at 599.

Smith filed a petition for a writ of certiorari. The Supreme Court granted Smith's petition, vacated our decision in *Smith I*, and remanded the case to this court for further consideration in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Smith v. United States*, 135 S. Ct. 2930, 2930 (2015) (mem.). In *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. 135 S. Ct. at 2563. In *United States v. Pawlak*, ___ F.3d ___, No. 15-3566, 2016 WL 2802723 (6th Cir. May 13, 2016), we recently held that *Johnson*'s reasoning applies with equal force to §4B1.2(a)(2)'s residual clause. *Id.* at *8.

Smith must be resentenced because the district court based his §4B1.1 enhancement upon §4B1.2(a)(2)'s unconstitutional residual clause. For this reason, we VACATE the judgment of

the district court and REMAND this case to the district court for further consideration in light of

*Mitchell* and *Pawlak*.